**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

STRATTON OAKMONT, INCORPORATED,
Plaintiff-Appellee,

v.                                                                  No. 98-2265

THE VASWANI PLACE CORPORATION,
Defendant-Appellant.

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
Catherine C. Blake, District Judge.
(CA-95-1225-CCB)

Argued: June 7, 1999

Decided: August 12, 1999

Before WILKINSON, Chief Judge, and
HAMILTON and WILLIAMS, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** John Michael Craig, INFORMATION SYSTEMS &
NETWORK CORPORATION, Bethesda, Maryland, for Appellant.
Steven Jay Kramer, LAW OFFICES OF STEVEN J. KRAMER,
Washington, D.C., for Appellee. **ON BRIEF:** Norman H. Singer,
JACKSON & CAMPBELL, Washington, D.C., for Appellant. Adam
C. Rogoff, Jonathan S. Henes, WEIL, GOTSHAL & MANGES,
L.L.P., New York, New York, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Stratton Oakmont, Inc. (Stratton) filed a complaint against The Vaswani Place Corp. (Vaswani) on April 26, 1995, seeking payment for a rental credit that it alleged Vaswani owed under the terms of a commercial real estate lease (the Lease). On June 9, 1995, Vaswani filed a counterclaim seeking payment for construction costs that it alleged Stratton owed under the Lease. After the district court denied the parties' cross motions for summary judgment, a one-day bench trial was scheduled. Before trial, however, Vaswani filed a second motion for summary judgment, arguing that the case was moot due to the intervening assignment of the Lease to a third party, Biltmore Securities, Inc. (Biltmore). The district court denied Vaswani's second motion for summary judgment and a bench trial was held on February 13, 1998. Following the trial, the district court entered judgment in favor of Stratton. Vaswani then filed a timely appeal to this Court.

I.

On January 5, 1994, Vaswani leased 18,634 square feet of commercial office space to Stratton for ten years at an annual rate of $330,753.50. Under the Lease terms, Vaswani was obligated to spend up to $387,500 to prepare the premises for Stratton's use. If Vaswani spent less, then Stratton was entitled to a rental credit in the amount of the savings. If preparation costs exceeded that amount, then Stratton was to pay the excess.

After completing the premises, Vaswani remitted a cost accumulation to Stratton, showing that Vaswani had expended $2,187 more than the allowed amount, but did not request reimbursement. Stratton believed, however, that Vaswani's costs were excessive and filed suit to recover the alleged improper costs. Vaswani then counterclaimed to recover the alleged $2,187 overage.

2

On June 26, 1995, after the Stratton v. Vaswani suits had been filed, Stratton entered into a Lease Assignment and a separate Asset Purchase Agreement (Purchase Agreement) with a third party, Biltmore. The Lease Assignment covered the remainder of Stratton's lease term, with Stratton holding no reversionary interest. The Purchase Agreement, inter alia, purported to allow Stratton to retain whatever interest it held in the litigation with Vaswani. On August 3, 1995, Vaswani gave its consent to the Lease Assignment as required under the original Lease. A short time later, Biltmore defaulted on the Lease Assignment. The dispute over the default resulted in a Consent Order between Vaswani and Biltmore that released both parties from "all claims, demands, liabilities or causes of action" between the parties. (J.A. at 35.) In defense against the suit filed by Stratton, Vaswani claimed that through the Lease Assignment Biltmore effectively stepped into the shoes of Stratton, and thus Stratton's claim for the rent credit was transferred to Biltmore. Under this scenario, Vaswani contended that the rent credit claim was in turn released by Biltmore through the Consent Order.

After a day-long bench trial, the district court determined that Vaswani had overcharged Stratton in the amount of $34,438. The district court also held that the action to recover the rental credit was never assigned to Biltmore, and Stratton thus retained its right to the rental credit. Accordingly, the district court entered judgment in favor of Stratton. Finding no error, we affirm.

II.

On appeal, the parties dispute only whether the right to receive the $34,438 rental credit was transferred via the Lease Assignment between Biltmore and Stratton. Vaswani argues that under Maryland law a rent credit is a covenant running with the land, which would transfer to an assignee. Under that theory, Biltmore would be substituted as the interested party, and the Consent Order between Vaswani and Biltmore would then operate to extinguish the claim. Stratton counters that the rent credit was a previously accrued action, which is personal property, and thus the credit was not transferred under the Lease Assignment. Because the issue on appeal turns on a purely legal issue, we review the district court's decision de novo. See

3

<u>Richman v. First Woman's Bank (Matter of Richman)</u> , 104 F.3d 654, 656 (4th Cir. 1997).

Stratton states, and Vaswani agrees, that there is no dispositive Maryland law on this point. Accordingly, "we must rule as it appears the state court would rule." <u>Talkington v. Atria Reclamelucifers Fabrieken BV</u>, 152 F.3d 254, 260 (4th Cir. 1998), <u>overruled in part on other grounds</u>, <u>Kumho Tire Co. v. Carmichael</u>, 119 S. Ct. 1167 (1999). We, therefore, turn to Maryland property law for guidance.

The Maryland courts have stated that

> [w]hen a lease is transferred by assignment, the assignee steps into the lessee's shoes and acquires all the lessee's rights in the lease. Privity of estate ends between the lessor and lessee and is created between the lessor and the assignee. The assignee therefore becomes bound by the covenants running with the land.

<u>Italian Fisherman, Inc. v. Middlemas</u>, 545 A.2d 1, 4 (Md. 1988). A covenant runs with the land if (1) the covenant touches and concerns the land, (2) the parties intended for the covenant to run with the land, (3) there is some privity of estate, and (4) the covenant is written. <u>See Mercantile-Safe Deposit & Trust Co. v. Mayor & City Council of Baltimore</u>, 521 A.2d 734, 736 (Md. 1987). Stratton does not maintain that an existing rent credit could not pass to an assignee; rather, it focuses on the fact that this case presents a previously accrued action.

Stratton's lone, but persuasive argument, is that a previously <u>breached</u> covenant accruing to the benefit of an assignor does not run with the land, but instead becomes personal property, or a "chose in action." This argument is supported by the property law of several states, and Maryland has signaled its support under circumstances quite similar to, but not identical with, those before this Court. In <u>Antietam-Sharpsburg Museum, Inc. v. William H. Marsh, Inc.</u>, 249 A.2d 721 (Md. 1969), a lessee discontinued paying rent approximately eight months before the lessor sold the property. Following the sale, the original lessor sued for the accrued rent. The Maryland Court of Appeals stated:

4

> When there is a transfer of title[,] unpaid accrued rent, unless otherwise provided for, belongs to the person who was the landlord at the time of accrual. Likewise current rent is not apportionable, unless by agreement, when the transfer occurs during the rent period.

Id. at 723. This logic is consistent with that expressed by several other jurisdictions. See, e.g., Ginsberg v. Austin, 968 F.2d 1198, 1201 (Fed. Cir. 1992) (citing uniform state law for the proposition that "rents due and owing become personal property, constituting mere choses in action which are not part of the land and do not pass as incident to a transfer of the reversion" (internal quotation marks omitted)); Federal Savs. & Loan Ins. Corp. v. C&J Oil Co., Inc. , 632 F. Supp. 1296, 1300 (W.D. Va. 1986) ("It is well established in leases involving real property that absent a clearly expressed intention to the contrary, the assignment of such a lease does not transfer the right to rental payments already accrued but unpaid at the time of assignment."). Based upon the logic employed by Maryland's highest court in Antietam-Sharpsburg Museum, and the obvious correlation with the circumstances before us, we believe that the Maryland courts would construe this action for the accrued rental credit as personal property, which would not transfer upon assignment.

Vaswani argues that the cases cited above are irrelevant because they involved rent arrearages or a payment of money, while this action involves a rent credit and not money damages. The district court rightly rejected this argument. Vaswani failed to provide a rental credit to Stratton -- a credit that was clearly due to Stratton prior to the Lease Assignment. The resulting damage became a chose in action that remained Stratton's property. Vaswani simply fails to make any principled distinction between the present case and the widely accepted principle that a chose in action, remediable through the award of damages, is personal property and does not transfer with the assignment of a lease.

III.

Finding no error in the judgment of the district court, we affirm.

AFFIRMED

5